IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>RAMON ENRIQUE PEREZ-PEREZ,<br><br>  Defendant. | NO.   CR 10-02349-TUC-RCC(BPV)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS** |

On August 11, 2010, Defendant Ramon Enrique Perez-Perez was arrested for transportation of illegal aliens. The Defendant was indicted on September 8, 2010 [Doc. 11]. On January 6, 2011, Defendant filed a Motion to Suppress [Doc. 18]. The Government filed its Response [Doc. 21] on January 18, 2011.

The matter came on for Evidentiary Hearing before the Court on February 2, 2011. The Government called as witnesses U.S. Border Patrol Agents Salvador Lopez and Carlos Pereyra. The defense called no witnesses.

The Court, having considered the briefing, arguments, and evidence presented, recommends that the District Judge, after his independent review and consideration, enter an order **DENYING** Defendant's Motion to Suppress [Doc. 18].

### **FACTS**

On August 11, 2010, at approximately 4:00 p.m. in the vicinity of Interstate 10, Milepost 304, Border Patrol Agents Salvador Lopez and Carlos Pereyra were patrolling Interstate 10 in separate marked Border Patrol vehicles. During their westbound patrol,

1 Agent Lopez observed a vehicle that he later determined was being driven by Defendant
2 Ramon Enrique Perez-Perez.  Agent Lopez received a radio transmission that a citizen had
3 observed a green Pontiac with a specific license plate number in the vicinity of Milepost 312
4 on Interstate 10 loading what the observer believed to be illegal aliens into the vehicle.  The
5 citizen further reported seeing several people getting into the trunk of the Pontiac.   Prior to
6 receiving the radio transmission, Agent Lopez probably had not noticed anything suspicious
7 about the vehicle being driven by Defendant.  It was later determined by Agent Lopez that
8 the caller's name and telephone number had been left with radio dispatch.  Radio dispatch
9 transmitted this information to Agent Lopez, who noticed upon receipt of the information
10 that he was right next to the suspect vehicle.  Eventually he was able to confirm the license
11 plate number as being that of the target vehicle.  He also noticed at that point that the vehicle
12 seemed to be loaded in the trunk area, which confirmed at least part of the information given
13 in the radio transmission.

## **DISCUSSION**

15 **THE COURT FINDS** that the information given in the radio transmission
16 specifically targeting the Defendant's vehicle, confirmation that the vehicle was westbound,
17 and confirmation that the vehicle was weighted down provided Agents Lopez and Pereyra
18 with the necessary founded suspicions to pull over the vehicle, which permitted them to
19 conduct a Terry stop.  As a result of the stop, the agents found that the Defendant was a U.S.
20 citizen and three passengers admitted they were illegally in the country.  The Defendant was
21 handcuffed and arrested. Prior to the Defendant's arrest, he admitted to having a criminal
22 record.  After he was handcuffed and prior to his being advised of his rights by Agent
23 Pereyra, the Defendant questioned the reason for his arrest.

24 The parties stipulate that the Defendant's statement that he had been in trouble with
25 the law for homicide or murder will not be introduced at trial.

**CONCLUSION**

It is the recommendation of this Court that the District Judge, after his independent review and consideration, enter an Order **DENYING** Defendant's Motion to Suppress [Doc. 18].

Pursuant to 28 U.S.C. §636(b)(1)(B), the parties have fourteen (14) days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any objections filed should be filed as CR 10-02349-TUC-RCC.

DATED this 7th day of February, 2011.

_____
Bernardo P. Velasco
United States Magistrate Judge